# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHANN BOWMAN,**

**Plaintiff,**

**v.** **Case No: 6:23-cv-02470-PGB-DCI**

**R & R INDUSTRIES, INC.,**

**Defendant.**

---

## ORDER

This matter comes before the Court for consideration without oral argument on Plaintiff Johann Bowman's Motion for Default Judgment and Supporting Memorandum of Law filed on August 24, 2026. Doc. 56 (the Motion). For the reasons stated herein, the Motion is due to be **DENIED without prejudice**.

Plaintiff filed a single-count complaint against Defendant R & R Industries, Inc. on December 26, 2023, alleging Defendant violated the Family Medical Leave Act (FMLA) (29 U.S.C. § 2601 *et seq.*). Doc. 1. Defendant filed its answer and affirmative defenses on February 22, 2024. Doc. 11. However, Defendant later entered Chapter 11 bankruptcy (Doc. 24), and these proceedings were stayed on January 31, 2025 (Doc. 25). Plaintiff gave the Court notice that Defendant's bankruptcy estate was fully administered and the estate closed, at which point the Court lifted the stay on June 30, 2025. Doc. 28. On March 25, 2026, the Court granted Defendant's counsel's motion to withdraw. Doc. 46. Defendant was ordered to secure new counsel by May 8, 2026; the Court further stated that "if new counsel does not file a notice of appearance on behalf of Defendant R & R Industries, Inc., **on or before May 15, 2026,** Plaintiff shall file a motion for Clerk's entry of default pursuant to Rule 55(a) and Local Rule 1.10(b)." *Id.* at 2 (emphasis in the

original). Defendant did not secure new counsel (and remains unrepresented). Plaintiff filed a Motion for Entry of Clerk's Default (Doc. 52) on June 23, 2026, which the Court granted shortly thereafter (Doc. 53). The Clerk of Court entered a Clerk's Entry of Default on June 29, 2026. Doc. 54. Plaintiff then filed the Motion now under consideration, seeking entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2).

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a Clerk's default has been entered, a plaintiff may apply for a default judgment. Fed. R. Civ. P. 55(b). However, a party is not entitled to a default judgment merely because a clerk's default has been entered. Instead, before entering default judgment, a court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] It is a plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements. *See Chen v. Walsh*, No. 1:18-cv-23894-DSL, 2020 WL 10618318, at *1 n.1 (S.D. Fla. Feb. 5, 2020) (denying a motion for default judgment because "the factual support for Plaintiffs' request for default judgment as to several of the counts comes from various filings and not the Amended Complaint" and emphasizing that "[i]t is the Plaintiffs' burden to demonstrate that they are entitled to default judgment . . . ."); *see also Nelson v. Atlas Apartment Homes, LLC*, No. 6:20-cv-00879-WWB-LHP, 2020 WL 10456790, at *3 (M.D. Fla.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Aug. 10, 2020) (denying a motion for default judgment where the plaintiff failed to "include citation to relevant legal authority setting forth the elements of Plaintiff's claims" and failed to "demonstrate, by pinpoint citations to the complaint, how the well pleaded allegations of the complaint establish each of those elements[]"). Although a defendant's default results in an admission of well-pled factual allegations, it does not operate as an admission of legal conclusions or facts that are not adequately pled to satisfy each element of the asserted claim. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

Plaintiff adequately discusses the Court's jurisdiction. Doc. 10 at 4. Further, Defendant appeared and answered the Complaint. Doc. 11.

However, the Motion is insufficient to demonstrate that default judgment is proper. Plaintiff argues that due to the Clerk's Entry of Default, Defendant "admits the factual allegations establishing each element of [Plaintiff's] claim." Doc. 56 at 5. Plaintiff provides the following list of allegations Defendant "admitted" to:

1. Johann Bowman was an eligible employee under the *Family and Medical Leave Act.*
2. R & R Industries, Inc. was an employer subject to the *Family and Medical Leave Act.*
3. Johann Bowman suffered from a serious health condition that entitled him to protected leave.
4. R & R Industries, Inc. was aware of Johann Bowman's need for *Family and Medical Leave Act* leave.
5. R & R Industries, Inc. interfered with Johann Bowman's exercise of *Family and Medical Leave Act* rights and/or terminated Johann Bowman because he exercised those rights.
6. Johann Bowman suffered lost wages, employment benefits, and other damages as a direct result of R & R Industries, Inc's unlawful conduct.

*Id.*

Plaintiff then states that "[Defendant's] liability under the *Family and Medical Leave Act of 1993* has been established as a matter of law." *Id.* However, Plaintiff fails to cite to the Complaint or to any of the well-pled facts contained therein. These citations are essential, as

"[w]ithout this information, the Court is unable to determine whether Plaintiff is entitled to a default judgment." *Nelson v. Atlas*, 2020 WL 10456790 at *3. A motion for default judgment lacking citations to the complaint is insufficient. *See Lozano v. Datereybru Company, LLC*, No. 6:19-cv-01783-CEM-LHP, 2020 WL 10354925, at *2 n.1 (M.D. Fla. July 27, 2020) (justifying the denial of a plaintiff's motion for summary judgment in part because the plaintiff "does not cite to the complaint" or "adequately explain how the allegations of the complaint are sufficient to support entry of default judgment"); *U.S. v. $137,700.00 in U.S. Currency*, No. 6:18-cv-00002-RBD-KRS, at *1 (M.D. Fla. Apr. 4, 2018) (denying a plaintiff's motion for default judgment and reminding the plaintiff that "[a] renewed motion [. . .] must establish, with citations to legal authority and pinpoint citations to the complaint, that the complaint provides a sufficient legal basis for the entry of a default judgment").

Should Plaintiff renew the request for default judgment, Plaintiff shall address the elements of each claim for which default judgment is sought and the specific, well-pled facts in the operative complaint that satisfy each of those elements.

Based on the foregoing, it is **ORDERED** that:

1. the Motion (Doc. 56) is **DENIED without prejudice**;

2. On or before November 13, 2026, Plaintiff may file a motion for default judgment in accordance with this Order and the Local Rules of this Court; and

3. Failure to file the motion for default judgment within the allotted time may result in dismissal of this action for failure to prosecute without further notice.

Ordered in Orlando, Florida on October 13, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE